JOHN BERGLOFF *vs.* MILLE LACS LUMBER COMPANY.

December 22, 1891.

Evidence *held* sufficient to justify the verdict.

In July, 1890, the parties entered into a written contract, by which the plaintiff agreed to remove his portable steam saw-mill from its then situation to the premises of defendant, and there place it in position and operate it in sawing logs for defendant under its instructions, the defendant agreeing to pay $2.50 per thousand feet if the mill would saw more than 6,000 feet per day, otherwise the price to be $3 per thousand, but plaintiff was to "rig up" his mill and run it so that it should be used to its fullest capacity, and the defendant also agreeing "to keep the party of the second part [plaintiff] going till December 1, 1890." Plaintiff removed and set up the saw-mill as required by the contract, and sawed logs furnished him by defendant until September 10, 1890, when defendant refused to supply any more logs, claiming that plaintiff was not sawing regularly, or to the full capacity of the mill, or in a workmanlike manner. Plaintiff brought this action in the district court for Ramsey county, on December 15, 1890, to recover a balance due for logs sawed and damages for defendant's refusal to supply logs to be sawed. At the trial before *Egan,* J., the plaintiff had a verdict of $630. A new trial was refused, and the defendant appealed.

*T. R. Palmer,* for appellant.

*Spooner & Taylor,* for respondent.

DICKINSON, J. The only real contention on this appeal is whether the verdict was not larger than it should have been. If the plaintiff was entitled to recover at all,—and as to that the verdict must be taken as final,—the amount which should be allowed depended upon the fact as to the quantity of lumber which a portable steam saw-mill of the plaintiff was capable of sawing in any given time. If the evidence warranted the jury in the conclusion that it had the capacity of sawing 8,000 feet per day, and that it might with reasonable certainty have been expected to saw as much as that during a

certain period of time for which the defendant had obligated itself to provide logs for sawing, then the verdict was not excessive. There was sufficient testimony, the weight of which depended upon the credibility of the witnesses, to support such a conclusion. Three witnesses, including the plaintiff, put the daily capacity of the saw-mill at from 8,000 to 10,000 feet, or even more; and they all appear to have been actively engaged in the operation of the mill, and to have had such means of knowledge upon the subject that it cannot be said that the jury should not have given credit to their testimony. Although there are facts and circumstances in the case tending strongly to show that these witnesses overrated the capacity of the mill, the determination of the matter was properly left to the jury, and the verdict must stand.

Order affirmed.